(part) Receipt # 150011494

POOR QUALITY ORIGINAL


Page 2

AO 241
(Rev. 06/13)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSO...**

| United States District Court | | Case:2:24-cv-12014<br>Judge: Edmunds, Nancy G.<br>MJ: Altman, Kimberly G.<br>Filed: 08-02-2024 At 09:03 AM<br>HC KITTRELL V MINIARD (LG) |
|---|---|---|
| Name (under which you were convicted):<br>Kamal Sydney Kittrell | | |
| Place of Confinement :<br>Central Michigan Correctional Facility<br>320 N. Hubbard st<br>St.Louis, Michigan 48880 | | Prisoner No.:<br>#276081 |
| Petitioner (include the name under which you were convicted)<br><br>Kamal Sydney Kittrell | v. | Respondent (authorized person having custody of petitioner)<br><br>Warden Gary Miniard |
| The Attorney General of the State of: Michigan | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Third Judicial Circuit Of Michigan
    Frank Murphy Hall Of Justice
    1441 St. Antoine
    Detroit, Michigan 48226

    (b) Criminal docket or case number (if you know): 04-008675-01-FC

2. (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: January 5, 2005

3. Length of sentence: 18 to 50 years plus 2 years for firearm

4. In this case, were you convicted on more than one count or of more than one crime?  X Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    armed robbery MCL 750.529

    felon in possession of a firearm MCL 750.224f

    felony firearm MCL 750.227b

6. (a) What was your plea? (Check one)

    X (1) Not guilty   ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty   ☐ (4) Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

X Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     X No

8. Did you appeal from the judgment of conviction?

X Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _____Michigan Court of Appeals_____

(b) Docket or case number (if you know): _____

(c) Result: _____Denied_____

(d) Date of result (if you know): _____

(e) Citation to the case ( People v Kittrell, No. 260248, 2006 WL 2739340, at *7 (Mich. Ct. App. September 26, 2006).

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     X Yes     ☐ No

If yes, answer the following:

(1) Name of court: _____Michigan Supreme Court_____

(2) Docket or case number (if you know): _____

(3) Result: _____Denied_____

_____

(4) Date of result (if you know): _____

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Third Judicial Circuit Of Michigan

(2) Docket or case number (if you know):   # 04-008675-01-FC

(3) Date of filing (if you know): _____

(4) Nature of the proceeding:   MCR 6.500 Motion

(5) Grounds raised:

Wayne County Prosecutor Thomas Beadle withheld Raphael Ferguson's inculpatory confession and put Mr Kittrell on trial for the armed robbery Mr Ferguson confessed to a clear violation of Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963) and Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972).

Wayne County Prosecutor Thomas Beadle withheld Raphael Ferguson's inculpatory plea agreement for the handgun identified by APA Karen Woodside as being used in the robbery Mr Kittrell was later convicted of a clear violation of Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963) and Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972).

Wayne County Prosecutor Thomas Beadle withheld James Mitchell's statement that was given in exchange for immunity against the armed robbery charges a clear violation of Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972) and Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963).

Wayne County Prosecutor Thomas Beadle withheld officer-in-charge Sgt Otha Craighead's history of Police Department policy violations and or history of violating suspect's constitutional rights a clear violation of Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972) and Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963).

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   see attached Third Judicial Circuit of Michigan decision

(8) Date of result (if you know):   June 14, 2023

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   X  No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ✗ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ✗ Yes     ☐ No

(2) Second petition:    ✗ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Wayne County Prosecutor Thomas Beadle withheld Raphael Ferguson's inculpatory confession and put Mr Kittrell on trial for the armed robbery Mr Ferguson confessed to a clear violation of Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963) and Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____ See attached proffers and additional pages for the facts that support grounds for relief 1 - 5. _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:    Ineffective Assistance Of Counsel

These are newly discovered documents that were still being withheld from Mr Kittrell at the time his direct appeal was filed.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    MCR 6.500 Motion

Name and location of the court where the motion or petition was filed:    Third Judicial Circuit Of Michigan
Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226

Docket or case number (if you know):    # 04-008675-01-FC

Date of the court's decision:    June 14, 2023

Result (attach a copy of the court's opinion or order, if available):

_____ see attached Third Judicial Circuit of Michigan decision _____

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☒  No

(4) Did you appeal from the denial of your motion or petition?    ☒  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Michigan Supreme Court
Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909-7552

Docket or case number (if you know):    #166498

Date of the court's decision:    May 29, 2024

Result (attach a copy of the court's opinion or order, if available):

_____ see attached Michigan Supreme Court decision _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** Wayne County Prosecutor Thomas Beadle withheld Raphael Ferguson's inculpatory plea agreement for the handgu
identified by APA Karen Woodside as being used in the robbery Mr Kittrell was later convicted of a clear violation
Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963) and Giglio v United States, 405 US 150, 154; 92 S Ct 763 (1972

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

——————— See attached proffers and additional pages for the facts that support grounds for relief 1 - 5. ———————

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     X  No

(2) If you did **not** raise this issue in your direct appeal, explain why:     Ineffective Assistance Of Counsel

These are newly discovered documents that were still being withheld from Mr Kittrell at the time his direct appeal was
filed.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     MCR 6.500 Motion

Name and location of the court where the motion or petition was filed:     Third Judicial Circuit Of Michigan
Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226

Docket or case number (if you know):     # 04-008675-01-FC

Date of the court's decision:     June 14, 2023

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available): _____

———————————————— see attached Third Judicial Circuit of Michigan decision ————————————————

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Michigan Supreme Court
Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909 - 7552

Docket or case number (if you know): # 166498

Date of the court's decision: May 29, 2024

Result (attach a copy of the court's opinion or order, if available): _____

———————————————— see attached Michigan Supreme Court decision ————————————————

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE**  _____Wayne County Prosecutor Thomas Beadle withheld James Mitchell's statement that was given in exchange immunity against the armed robbery charges a clear violation of Giglio v United States, 405 US 150, 154; 92 S Ct 7 (1972) and Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963).

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

———————————— See attached proffers and additional pages for the facts that support grounds for relief 1 - 5. ————————————

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   X No

(2) If you did not raise this issue in your direct appeal, explain why:   _ Ineffective Assistance Of Counsel _____

These are newly discovered documents that were still being withheld from Mr Kittrell at the time his direct appeal was filed.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   MCR 6.500 Motion

Name and location of the court where the motion or petition was filed:   Third Judicial Circuit Of Michigan
Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226

Docket or case number (if you know):   # 04-008675-01-FC

Date of the court's decision:   June 14, 2023

Result (attach a copy of the court's opinion or order, if available): _____

————————————— see attached Third Judicial Circuit of Michigan decision ——————————

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   X No

(4) Did you appeal from the denial of your motion or petition?   X Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   X Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Michigan Supreme Court
Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909 - 7552

Docket or case number (if you know):   #166498

Date of the court's decision:   May 29, 2024

Result (attach a copy of the court's opinion or order, if available): _____

————————————— see attached Michigan Supreme Court decision ——————————

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** ——————— Wayne County Prosecutor Thomas Beadle withheld officer-in-charge Sgt Otha Craighead's history of Police Department policy violations and or history of violating suspect's constitutional rights a clear violation of Giglio United States, 405 US 150, 154; 92 S Ct 763 (1972) and Brady v Maryland, 373 US 83; 83 S Ct 1194 (1963).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

——————————— See attached proffers and additional pages for the facts that support grounds for relief 1 - 5. ———————

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:     Ineffective Assistance Of Counsel

These are newly discovered documents that were still being withheld from Mr Kittrell at the time his direct appeal was filed.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     MCR 6.500 Motion

AO 241
(Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed:

Third Judicial Circuit Of Michigan
Frank Murphy Hall Of Justice
1441 St. Antoine
Detroit, Michigan 48226

Docket or case number (if you know): 04-008675-01-FC

Date of the court's decision: June 14, 2023

Result (attach a copy of the court's opinion or order, if available):

see attached Third Judicial Circuit of Michigan decision

(3) Did you receive a hearing on your motion or petition? ☐ Yes  X No

(4) Did you appeal from the denial of your motion or petition? X Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? X Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Michigan Supreme Court
Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909 - 7552

Docket or case number (if you know): #166498

Date of the court's decision: May 29, 2024

Result (attach a copy of the court's opinion or order, if available):

see attached Michigan Supreme Court decision

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

**GROUND** FIVE: Mr Kittrell did not have a sworn jury in accordance with MCL 768.14 and MCL 768.15 and MCR 2.511 (H)(1). [se attached trial transcript dated December 8, 2004 pg 208 the required MCL 768.15 affirmation is missing.]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____ See attached proffers and additional pages for the facts that support grounds for relief 1 - 5. _____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Five explain why: _____

_____  Ineffective Assistance Of Counsel

_____

_____

(c)     **Direct Appeal of Ground** Five

  (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     X̄  No

  (2) If you did **not** raise this issue in your direct appeal, explain why: _____

  _____  Ineffective Assistance Of Counsel

  _____

(d)     **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        X  Yes     ☐  No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition:     MCR 6.500 Motion

  Name and location of the court where the motion or petition was filed:     Third Judicial Circuit Of Michigan
                                                                            Frank Murphy Hall of Justice
                                                                            1441 St. Antoine
                                                                            Detroit, MI 48226

  Docket or case number (if you know):     # 04-008675-01-FC

  Date of the court's decision:     June 14, 2023

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available): _____ Denied _____

_____ see attached Third Judicial Circuit of Michigan decision __

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  X No

(4) Did you appeal from the denial of your motion or petition?  X Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  X Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ── Michigan Supreme Court    #166498 ──────
                                                              Hall of Justice
_____ P.O. Box 30052 ──────
Docket or case number (if you know): _____ Lansing, Michigan 48909-7552

Date of the court's decision:  _____ May 29, 2024 _____

Result (attach a copy of the court's opinion or order, if available): _____ Denied _____

_____ see attached Michigan Supreme Court decision ─────────

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground  FIVE: _____

_____

_____

_____

AO 241
(Rev. 06/13)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   X Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   X   Yes   ☐ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____ Kittrell v Davis, No. 2:08 - CV - 11256, 2010 WL 4539458, at *24 (E.D. Mich. November 3, 2010)._____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐   Yes   X  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Gerald Surowiec  P21172

(b) At arraignment and plea:    Gerald Surowiec P21172

(c) At trial:    Gerald Surowiec  P21172

(d) At sentencing:    Gerald Surowiec  P21172

(e) On appeal:    Douglas W. Baker  P49453
State Appellate Defender Office
3031 W. Grand Blvd., Ste. 450
Detroit, MI 48202

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Appoint Counsel

_____

Reverse Judgement of Conviction and Sentence.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _7/25/24_ (month, date, year).

Executed (signed) on _____ (date).

*Jamal S Kittrell*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

additional pages for the facts that support grounds for relief 1 - 5.

When APA Thomas Beadle decided to put Mr Kittrell on trial for armed robbery in December 2004. He strategically chose to suppress his co-defendant Raphael Ferguson's CCW case file that contains exculpatory evidence. Such as documents that were in the exclusive control of the Wayne County Prosecutor's Office that were prepared by the first-responding-officer Ataiba Murray, the officer-in-charge the case Sgt Otha Craighead, the first APA Karen Woodside, and the trial court Judge himself the Honorable Michael Hathaway. Documents that undermine prosecution's trial theory and factually demonstrate Mr Kittrell is innocent and did not commit the crime of armed robbery.

PO Ataiba Murray's attached newly discovered suppressed July 2, 2004 HANDWRITTEN PCR has a male with a light complexion as the principal perpetrator who held a handgun to the victim's head during the robbery. The victim did not provide a description for a second perpetrator. What makes this piece of newly discovered evidence exculpatory. It factually demonstrates that dark complexion Mr Kittrell cannot be the "light complexion" principal perpetrator the victim describes as holding a handgun to her head during the robbery.

James Mitchell's attached newly discovered suppressed July 3, 2004 INTERROGATION STATEMENT that factually demonstrates he was given immunity in exchange for his coerced false statement. He was arrested during a traffic stop on July 3, 2004 after a handgun was recovered from a vehicle owned and operated by him. His interrogation statement makes no mention of the traffic stop and the handgun that was recovered from his vehicle. Instead he provides a false account of Mr Kittrell being in his vehicle the day of the robbery. After procuring this false statement one day later on July 4, 2004 Sgt Otha Craighead prepares the first INVESTIGATOR'S REPORT/REQUEST FOR WARRANT before any lineups were conducted. Which, conveniently excludes Mr Mitchell from any possibility of being one of the perpetrators who entered the flower shop July 2, 2004. This suppressed report also has Mr Ferguson positively identified as the principal perpetrator with the handgun during the robbery and Mr Kittrell positively identified as the second perpetrator with no handgun during the robbery. Conveniently similar to Mr Mitchell's false statement that he loaned Mr Ferguson his car earlier in the day. When he returned that evening Mr Kittrell was a passenger in the car. Thereby, making Mr Ferguson principal perpetrator number one and Mr Kittrell perpetrator number two before any lineups were conducted. In addition to Sgt Craighead's note to APA Karen Woodside that says, "reconstruct stories of three defendants" which is further demonstration that this statement from co-defendant James Mitchell was given in exchange for immunity and APA Thomas Beadle clearly had an obligation under Giglio and Brady to disclose this co-defendant's accusatory incriminating statement prior to trial.

Sgt Otha Craighead's attached newly discovered suppressed July 4, 2004 INVESTIGATOR'S REPORT/REQUEST FOR WARRANT that was prepared before any lineups were conducted and has "light complexion" co-defendant Raphael Ferguson as the principal perpetrator who held a handgun to the victim's head during the robbery. What makes this piece of newly discovered evidence exculpatory. It factually demonstrates that Sgt Craighead is positively identifying light complexion Mr Ferguson as the principal perpetrator before any lineups were conducted. It is illogical for Sgt Craighead's later revised attached July 28, 2004 INVESTIGATOR'S REPORT/REQUEST FOR WARRANT to not be viewed as fabricated. When "original" is conveniently written up top and now he is positively identifying dark complexion Mr Kittrell as the principal perpetrator. He concludes the reports fabrication by typing that no statements were taken from either defendant. Which has been proven to be knowingly false.

APA Karen Woodside's attached newly discovered suppressed July 4, 2004 WARRANT PROSECUTOR'S NOTES AND INSTRUCTIONS that only has co-defendant Raphael Ferguson's name written up top, has robbery armed written up top, has admission/confession √ checked near the bottom and PCR √ checked near the bottom. What makes this piece of newly discovered evidence exculpatory. It factually demonstrates that APA Karen Woodside documented she has an armed robbery confession from Mr Ferguson that was given during the July 3, 2004 police interrogations. It is unreasonable for the trial court to now expect Mr Kittrell to know what the suppressed confession entails. When it is still in the exclusive control of the prosecutor's office. That has an obligation under Giglio and Brady to disclose a codefendant's confession. The trial court instead is holding Mr Kittrell to a higher standard than what is required for relief under Giglio and Brady. As an indigent defendant trying to prove his innocence. He should not now be forced to bear the burden of trying to conduct an extensive investigation from his prison cell without the assistance of counsel.

additional pages for the facts that support grounds for relief 1 - 5.

APA Karen Woodside's attached newly discovered suppressed July 4, 2004 WAYNE COUNTY PROSECUTOR'S WARRANT ADJOURNMENT FORM that only has co-defendant Raphael Ferguson's name written on it. That has the robbery victim's name written on it. What makes this piece of newly discovered evidence exculpatory. It factually demonstrates Sgt Craighead's premeditation to frame Mr Kittrell. When he gave APA Karen Woodside his attached suppressed July 4, 2004 INVESTIGATOR'S REPORT/REQUEST FOR WARRANT for review along with a note that says "reconstruct stories of three defendants." There is only one permissible view for this piece of evidence. That Sgt Craighead is directing her to the three suppressed statements that were given by the defendants during the July 3, 2004 police interrogations. One statement being Mr Ferguson's currently suppressed robbery confession. Two being Mr Mitchell's previously suppressed coerced false statement given in exchange for immunity. Third is Mr Kittrell's statement that came out during trial.

Judge Michael Hathaway's attached newly discovered suppressed August 6, 2004 and August 12, 2004 "COBBS" agreement documents that factually demonstrate Judge Hathaway himself had given, accepted, and sentenced Mr Ferguson on this very generous "COBBS" agreement for CCW before Mr Kittrell's December 2004 trial. While also aware that APA Karen Woodside had identified the handgun in her attached suppressed July 4, 2004 WARRANT PROSECUTOR'S NOTES AND INSTRUCTIONS as the handgun used during the robbery. These two pieces of newly discovered evidence factually demonstrate Judge Hathaway consistently denied Mr Kittrell's discovery request knowing that he had already created these two "COBBS" agreement plea documents before trial and were in exclusive control of them. Now after receiving his motion for relief from judgment on appeal. The successor Judge Donald Knapp Jr unreasonably refuses to address the willful suppression of this trial court's own August 2004 "COBBS" agreement plea documents that are essential to Mr Kittrell's Brady and Giglio claims.

Raphael Ferguson's attached newly discovered February 16, 2005 ORDER OF CONVICTION AND SENTENCE factually demonstrates that a second plea and second conviction for this same handgun is reasonably suspicious. Conveniently there is no record of Judge Hathaway allowing Mr Ferguson to withdraw his August 6, 2004 "COBBS" agreement guilty plea. Conveniently there is no record of Judge Hathaway reversing Mr Ferguson's perfectly valid August 12, 2004 conviction that resulted from that "COBBS" agreement guilty plea for this same handgun.

Finally, in Mr Kittrell's case. The trial court did not administer the oath to the jury as provided for by statute and court rule. The oath administered did not require the jurors to "affirm" that they would justly decide the questions submitted to them or render a true verdict based on the evidence introduced and in accordance with the instruction of the court. Thus, the oath administered to the jury did not comply with MCL 768.14. Which affected Mr Kittrell's substantial right to be tried by an impartial jury. The trial court's obligation to do so was clearly established by constitutional law, the Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to an impartial jury." This right is guaranteed by the Sixth Amendment and made binding on the States by the Fourteenth.

additional pages for the facts that support grounds for relief 1 - 5.

Sgt Craighead's attached newly discovered suppressed 2003 POLICE MISCONDUCT LAWSUIT SETTLEMENT documentation demonstrates that as officer-in-charge of the case. He factually had credibility problems of his own. Sgt Craighead violated a suspect's constitutional rights without the consequences of loosing his job or facing criminal prosecution prior to violating Mr Kittrell's constitutional rights. This suppressed impeachment evidence further demonstrates that his previous "POLICE MISCONDUCT" emboldened him to premeditate the scheme to frame Mr Kittrell by giving James Mitchell immunity in exchange for his coerced false statement. Then the note he gave to APA Karen Woodside that says "reconstruct stories of three defendants."

Both of Sgt Craighead's attached fabricated INVESTIGATOR'S REPORTS/REQUEST FOR WARRANTS from July 4, 2004 and July 28, 2004 are unmistakably riddled with knowingly false information, such as (1) Mr Kittrell is positively identified as the second perpetrator without the handgun in the July 4, 2004 report before any lineups were conducted on July 12, 2004, (2) Mr Kittrell is then positively identified as the principal perpetrator with the handgun in the revised July 28, 2004 report, (3) the victim's employee conveniently observes the robbery happening and runs from the building in both reports, (4) Mr Mitchell is immediately excluded from possibly being one of perpetrators who entered the flower shop and is positively identified as the getaway driver in the July 4, 2004 report before any lineups were conducted on July 12, 2004, (5) Mr Mitchell is then permanently excluded from possibly being a perpetrator all together and no longer is positively identified as the getaway driver in the July 28, 2004 report, (6) Sgt Craighead writes "original" up top and later conveniently types no statements were taken from either defendant in the July 28, 2004 report. Despite the fact that he had already given APA Woodside a note with his July 4, 2004 fabricated report that says "reconstruct stories of three defendants.

In addition to knowingly fabricating these investigator's reports/request for warrants. In his role as officer-in-charge of the case. Sgt Craighead took statements from several key witnesses including the complainant Norma Davis. Who later said things were included in her statement that she did not say. For example, she never told Sgt Craighead the handgun was a 38 caliber blue steel revolver. A superb description that is clearly included in his handwritten statement, that she claims to have read before signing it. (see trial transcript December 8, 2004 pg 260. Therefore, the knowingly fabricated Norma Davis statement that Sgt Craighead submitted to the prosecutor's office was not the statement Ms Davis signed according to her.

Certainly there were previous substantiated accusations of " POLICE MISCONDUCT" that involved Sgt Craighead prior to Mr Kittrell's trial. Because there was a settlement reached, and any reports or records of the Detroit Police Department, including the Internal Affairs Division, which were used in conjunction with the federal lawsuit should have been disclosed to Mr Kittrell before trial. Because part of his defense consisted of exploring the inaccuracies in Sgt Craighead's investigative reporting. This part of his defense was directed towards revealing possible biases, prejudices, or ulterior motives to fabricate witness's statements and investigator's reports in order to "FRAME" Mr Kittrell. Now after receiving his motion for relief from judgment on appeal. It is unreasonable for the trial court to now expect Mr Kittrell to know what the suppressed "POLICE MISCONDUCT" entails. When the prosecution has an obligation under Giglio and Brady to disclose Sgt Craighead's prior "POLICE MISCONDUCT." The trial court instead is holding Mr Kittrell to a higher standard than what is required for relief under Giglio and Brady. As an indigent person trying to prove his innocence. He should not now be forced to bear the burden of trying to conduct an extensive investigation from his prison cell without the assistance of counsel.

When considering Mr Kittrell's motion for relief from judgment. The trial court incorrectly excluded Giglio from his claims all together. Thereby, making its decisions on the Giglio claims contrary to clearly established federal law. However, where the trial court did correctly identify Brady it unreasonably refused to extend that legal principle to the unique facts of this case where it should clearly apply. Thereby, making its decisions on his Brady claims an unreasonable application of clearly established federal law. Which, in some parts of its decision is holding Mr Kittrell to a higher standard than what is required for relief under Brady.

*APA Pkg.*

UD-9‡ (2-89)

AUTHORITY: PA 59 of 1935
Compliance Voluntary

## DETROIT POLICE REQUEST FOR WARRANT

| | INVESTIGATOR'S REPORT | | 04-62048 |
|---|---|---|---|
| 04-080600 | | | Prosecutor Case No. |
| Police Offense Number | | | DATE: July 4, 2004 |
| ☐ MORE DEFN. | | | |

V/P #1 only

| CUST | DEFENDANT NAME | FULL ADDRESS | AGE | SEX | RACE | D.O.B. | ST. & LOCAL I.D. |
|---|---|---|---|---|---|---|---|
| X | Raphael Cortez Ferguson | 5220 Spokane Detroit, Mi. | 24 | M | Blk | 09/24/79 | 546345 |
| X | Kamal Sydney Kittrell | 5357 Ivanhoe Detroit, Mi. | 25 | M | Blk | 10/18/78 | 541449 |
| X | James Charles Mitchell | 213 Ewald Circle Detroit, Mi. | 30 | M | Blk | 09/30/73 | 475538 |

*See APA Section*

Offense: (To be filled in by Prosecutor)

Place of Offense:
10130 W. 7 Mile, Detroit, Mi. 48221 (Black Orchid Flowers)

| | Date: 07/02/04 | Date of Complaint: 07/02/04 |
|---|---|---|
| | Time: 2:55pm | |

| Complainant's Name | Full Address | Age | Sex | Race | Phone No. |
|---|---|---|---|---|---|
| Norman Davis (Owner) | 17428 Warrington Detroit, Mi. 48221 | 57 | F | Blk | 864-5777 |

Person to Sign (Last, First, Middle)
Information & Belief

Reviewing Attorney and Bar No.
*B McBride 43307*

## DETAILS OF INVESTIGATION

GUN USED  Y  # KILLED/INJURED

On July 2, 2004 at approximately 2:55pm, the complainant, Norman Davis was working at her place of business, Black Orchid Flowers located at 10130 W. 7 Mile Rd in the City of Detroit. Above defendants #1 & #2 entered the business, approached an employee, Maeozie Anthony B/F/58 and inquired about some flowers. As Ms. Anthony went to the rear cooler, both perps hopped the counter and encountered the compl in her office. Defd #1 produced a blue steel revolver, grabbed her by her shirt collar and stated "Where's the Fucking Money". The complainant attempted to explain that business was slow that day, so there wasn't much money in the store. Defd #1 again demanded money threatening to shoot the complainant if she didn't comply. The compl than surrendered $75.00 which was hidden in a can to the defendant. While this was occurring, the witness, Ms. Anthony had exited the cooler, saw what was happening to her supervisor and ran from the business. Ms. Anthony ran across the street to a car wash screaming that the business was being robbed. All at the same time, the compl was forced to run out the front door while both defds ran out the rear.

It was at this point that the employees of the car wash across the street as well as witness Keith Anthony Sanford observed the defd exit the alley in the rear, run n/b on Washburn street to a waiting Chrysler LHS license plate YSK-631. The witness, Mr. Sanford was in his personal vehicle observing everything decided to follow the Chrysler LHS for approximately 10-15 minutes. Detroit Police were called, PO's Ataiba Murray #4261 and Sean Bell #2003 responded to the scene and processed. Sgt. Otha Craighead of the Armed Robbery Unit responded to the scene and processed same interviewing compl, witness and canvas of the area. Information regarding the license plate was broadcast, run in LEIN and passed on to several precincts and shifts. Mr. Sanford was interview via telephone by Sgt. Craighead after officers released from the scene.

| | | | Reviewed & Approved By: | | |
|---|---|---|---|---|---|
| Sgt. Otha Craighead | S-161 | Armed Robbery Unit | Lt. James Elliot | | Armed Robbery Unit |
| Officer in Charge | Badge | Precinct/Bureau | Commanding Officer | | Precinct/Bureau |

AUTHORITY: PA 59 of 1935
Complison Voluntary

TD-54 (2-89)

## DETROIT POLICE REQUEST FOR WARRANT

On June 3, 2004, Police Officers Matthew Gnatek #3614 and LaDawn Russell #3552 both of the 12th Precinct received information from the supervisor, Lt. Thomas Berry of the vehicle information, circumstances of the robbery and description of suspects. The officers, while checking the area of Ewald Circle and Dexter observed the above stated vehicle with above defendants inside the vehicle. Defd #1 was seated in the right rear passenger's seat, Defd #2 was sitting in front passengers side while defd #3 was driver. The officers effected a traffic stop and approached the vehicle quickly. As both officers approached, PO Russell (on right side) observed the brown handle of a revolver handgun sticking out from the pocket of the right passenger seat directly in front of defd #1. The handgun was approximately 6 inches from defd #1 but was recovered and placed on evidence.

Later this same evening, Sgt. Otha Craighead and PO Eric Kimble #1421 advised all defendants of their Constitutional Rights and began an interrogation. It was during the interview/interrogation that it was learned that defd's #2 & #3 are currently on parole.

Witness #1 (compl): Norma Davis will testify to: The circumstances of the robbery; the statement taken by Sgt. Craighead.

*NOT THAT THE STATEMENT WAS TAKEN BY SGT. CRAIGHEAD*

Witness #2: Maeozie Anthony will testify to: the facts of the case contained in her statement.

Witness #3: Keith Sanford will testify to: observing that witness #2 was visibly upset and pointing along with persons from a car wash to an area on Washburn; to observing defd's #2 & #3 get into a Grey LHS and follow vehicle for approximately 10 minutes

Witnesses #4 & #5: PO Ataiha Murray #4261 & PO S. Bell #2003, both of the 12th Precinct, will testify to: responding to the scene; to preparing a report of the incident and making notifications.

Witnesses #6 & #7: PO Mathew Gnatek #3614 and PO LaDawn Russell #3552, both of the 12th Precinct will testify to the arrest of the defendants, to the confiscation of the firearm.

Witness 8: PO Eric Kimble #1421, Armed Robbery Unit will testify to advising the defd's of their Constitutional Rights; to being the CO-OIC of this investigation.

Witness #9: Sgt. Otha Craighead #S-1161 will testify to responding to the scene; to investigation this crime; to being the OIC of this investigation.

### Evidence:

E03530904- 1994 Chrysler LHS license plate YSK-631
E03530704- .32 caliber Blue steel revolver serial #10862 w/ 4 live rounds 

### Lineup/Show-ups:

Regarding the Robbery case; No Line-up was conducted due to the compl going out of town for the 4th of July weekend. The compl stated that she'd be back on Tuesday July 6, 2004. Line-ups to be conducted at Wayne County Jail prior to examination.

| Sgt. Otha Craighead | S-1161 | Armed Robbery Unit | Reviewed & Approved By: | Lt. James Elliot | Armed Robbery Unit |
|---|---|---|---|---|---|
| Officer in Charge | Badge. | Precinct/Bureau | | Commanding Officer | Precinct/Bureau |

# WAYNE COUNTY PROSECUTING ATTORNEY'S RECOMMENDATION

| IN CUSTODY (X) YES ( ) NO | Dept. Precinct Armed Robbery Unit | Date July 4, 2004 | ( ) Further Investigation Ordered ( ) Further Investigation Completed | | |
|---|---|---|---|---|---|
| ( ) DENY ( ) RECOMMEND THE ISSUING OF A WARRANT AGAINST: | | | MISDEMEANOR ( ) | | FELONY ( ) |

| DEFENDANT NAME (Last, First, Middle) | FULL ADDRESS | AGE | SEX | RACE | D.O.B. | ST. & LOCAL I.D. |
|---|---|---|---|---|---|---|
| Raphael Cortez Ferguson | 5220 Spokane Detroit, Mi. | 24 | M | Blk | 09/24/79 | 546345 |
| Kamal Sydney Kittrell | 5357 Ivanhoe Detroit, Mi. | 25 | M | Blk | 10/18/78 | 541449 |
| James Charles Mitchell | 213 Ewald Circle Detroit, Mi. | 30 | M | Blk | 09/30/73 | 479238 |

Offense 1 _Armed MV 750.227_     Defn. No. 4 2 3
Attempted ( ) MCLA

Offense 2 _Habitual - no. 3_     Defn. No. 1 2 3
Attempted ( ) MCLA _769.__

Offense 3 _Motor Vehicle Advisory_     Defn. No. 1 2 3 257.732a
Attempted ( ) MCLA

Denial Reason:

Denial Code:
Defn. No. 1:     Defn. No. 2:     Defn. No. 3:

Instructions: (1) p. 3 (*)
(2) (b) (1) (**)

_7-4-04_
Date Completed

Signed: _____
Assistant Prosecuting Attorney & Bar No. 43307

# WARRANT PROSECUTOR'S NOTES AND INSTRUCTIONS

SISTANT _____ DEFENDANT(S) _____

TE ___4-4-04___

ALYSIS OF CASE ISSUES (EVIDENCE, STRENGTHS, WEAKNESSES, PROBLEMS) AND ADDITIONAL FACTS
:LUDING INFORMATION FROM COMPLAINANT AND OIC

7/2 - RA Business Black Orchid flowers - need
line-up to amend info at exam - will hold
line-up for (out of town) back 7/6 (6am) right after
Christin LHS
All 3 found in subject vehicle w/ a gun
used in robbery (3)                                               7/3

Δ#1 on probation
Δ#2 & 3 ON PAROLE - MDOC notified.

EARED VICTIM SERVICES NOTIFICATION  ☐ YES  ☐ NO

'TIM'S HOME PHONE_____ VICTIM'S WORK PHONE_____

'ERNATE PHONE CONTACT (NEIGHBORS, FRIENDS, OR RELATIVES)_____

S COMPLAINANT PERSONALLY INTERVIEWED BY WARRANT APA?  ☐ YES  ☐ NO

)EFENDANT ELIGIBLE FOR DIVERSION?  ☐ YES  ☐ NO  ☐ REFERRED

'NESS LIST CHECKED TO SEE IF PROPER WITNESSES LISTED?  ☐ YES  ☐ NO

' PENDING CASES AGAINST DEFENDANT ___Parole Detainer___

:LUZED IN PROSECUTOR'S FILE:
CRS  ☑ CONFESSIONS, ADMISSIONS  ☐ WITNESS STATEMENTS  ☐ LAB REPORTS

:RIMINAL RECORD OF DEFENDANT (LEIN PRINTOUT, COMPUTER PRINTOUT, CCH, JUVENILE)

ITUAL INFORMATION DRAFTED  ☑ YES  ☐ NO

INTERPRETER IS NEEDED FOR THE FOLLOWING LANGUAGE_____

| NESS DID APPEAR | WITNESS APPEARED | TESTIFIED | WITNESSES NECESSARY FOR EXAMINATION: | ANTICIPATED TESTIMONY |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | 1. PO Gnatek | |
| ☐ | ☐ | ☐ | 2. | |
| ☐ | ☐ | ☐ | 3. | |
| ☐ | ☐ | ☐ | 4. | |
| ☐ | ☐ | ☐ | 5. | |
| ☐ | ☐ | ☐ | 6. | |
| ☐ | ☐ | ☐ | 7. | |

PLAINT / WARRANT / INFORMATION PACKET HAS BEEN REVIEWED BY APA AND IS ACCURATE  ☐ YES  ☐ NO

*notes for file*

# Wayne County Prosecutor's Warrant Adjournment
## Form
### (Please Print Clearly)

Today's Date _7/2/04_

Suspect's Name _Raphael Ferguson et. al_

Complainant's Name _Damson Danlis_

Adjourned by APA _____

OIC Name and Phone # _Sgt Craighed_

Police Jacket # _04-080403_

Reasons for Adjournment _ON the RA court - need to amend at EXAM_
_Need - line-up & need to verify ID -_
_note from Sgt Craighead indicates_
_3 ⊿ are on parole - will be held - says_
_inconsistent stories of 3 ⊿'s -_
_Victim will return 7/6 -_

_Contact APA Sattley or_
_On-duty APA_

### INSTRUCTIONS TO APA

1. Make a copy of the Investigator's Report and this form and send to Deputy Chief.
2. Give a copy of this form and return all paperwork to court officer.

Woke up at about one left house about two or so I pon took Zapita home ran into Road met them on Spokane where Shown was Shown asked to use car, him and Rob I said ok he lease. Lanter first Chong Chong plate, we brought car back to Shawn & Rob and went to taste fest. They brought car back at about 8 or 9, I dropped Shawn, ▓▓▓ and Rob off and went back to Vonts house so we could pop to parlor me Vonts, Rob and jo-jo. Me and Vonts woke up the next day about 11 or 12 left my house and went to Coreys and stayed until about 14:00 until I dropped chop off and went home I went home clean up ate then left jars I ran into Rock sgt Kanoll at the corner of my house then we got arrested.

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT COURT CRIMINAL DIVISION | PRETRIAL SETTLEMENT OFFER AND NOTICE OF ACCEPTANCE | CASE NO. *04-007448* PROS. WAR. NO. _____ |
|---|---|---|

THE PEOPLE OF THE STATE
OF MICHIGAN
                    V.

| Defendant's Name *Ferguson, Raphael Cortez* | |
|---|---|
| SID | LPD |

## PRETRIAL SETTLEMENT OFFER

☐ No charge reduction          ☐ Charge reduction

| COUNT: SPECIFY CHARGE(S) | | PACC | ATTEMPT 750.92 | STATUTORY MAXIMUM PENALTY |
|---|---|---|---|---|
| I | WEAPONS - CARRYING CONCEALED | 750.227 | | 5 YRS |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

☐ Sentence Agreement   ☒ Agree to Guideline Sentence   ☐ Sentence Recommendation

COBB'S = 90 DAYS  W.C.J.

_____

_____

☐ People agree to PA 511 sentence    ☐ People object to PA 511 sentence

☐ Sentence is mandatorily consecutive by law to _____

☒ People agree to withdraw notice to enhance sentence.

☐ Dismiss _____ in exchange for plea in this case.

☐ Other prosecutorial agreement _____

| 8/6/07 | | 46935 |
|---|---|---|
| Date | Prosecuting Attorney | |

## NOTICE OF ACCEPTANCE

1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT WITH THE PROSECUTOR'S CONSENT.
2. THE RIGHT TO BE PRESUMED INNOCENT UNLESS PROVEN GUILTY BEYOND A REASONABLE DOUBT.
3. THE RIGHT TO CONFRONT AND QUESTION THE WITNESSES AGAINST ME.
4. THE RIGHT TO HAVE THE COURT COMPEL WITNESS TO COME TO COURT AND TESTIFY FOR ME.
5. THE RIGHT TO TESTIFY AT MY TRIAL, THE RIGHT TO REMAIN SILENT AND NOT HAVE MY SILENCE USED AGAINST ME.
6. THE RIGHT TO CLAIM MY PLEA WAS THE RESULT OF PROMISES OR THREATS NOT DISCLOSED TO THE COURT, OR THAT IT WAS NOT MY CHOICE TO PLEAD GUILTY.
7. THE RIGHT TO APPEAL AS OF RIGHT AS TO CONVICTION AND SENTENCE.

| | 8.6.04 | | 8.6.04 |
|---|---|---|---|
| Defendant | Date | Defense Attorney | Date |

Distribution:
White–Court File
Yellow–Prosecutor

Pink–Defense Attorney
Goldenrod–Deputy Court Administrator
Blue–Hearing Courtroom Clerk

Form # 71 (3/03)

CRIMCVS BCRCVSENT1      CLKBODEMM    FM501A

| STATE OF MICHIGAN<br>COUNTY OF WAYNE<br>THIRD JUDICIAL CIRCUIT COURT | ORDER<br>OF<br>CONVICTION AND SENTENCE | CASE NO. 04007448-01 |
| --- | --- | --- |

THE PEOPLE OF THE STATE OF MICHIGAN   vs.   **FERGUSON,RAPHAEL,CORTEZ**

**Defendant**

1. At a session of the court on _____8/06/2004_____ before the Hon.   **HATHAWAY,MICHAEL M**

   a Judge of the court, the defendant was convicted by:   ☐ Jury    ☐ Court    ☒ Plea

   of the offenses(s)                         PACC code(s).

   750227              CCW

2. The defendant was in court for sentence on _____8/12/2004_____ and was sentenced by the court to:

   ☐ Probation, for a term of _____ years.  (see separate probation order)

   ☐ Michigan Department of Corrections, confined for a term of not less than nor more than _____

   _____ years.

   The maximum statutory penalty for the crime(s) of which said defendant stands convicted is __5__ years.

   ☐ Jail confinement for _____ days/months.

   ☒ The conviction is reportable to the Secretary of State under MCL257.732 or 281.1040.

   The defendant's drivers license number is _____

   RECOMMENDATION  *GL - 7-23   Withdraw Enhancement*

   ☐ HIV testing was ordered on _____

The defendant was represented by ATTORNEY  *D. Cripps* _____ BAR NO _____

and is to be given credit for _____*48*_____ days served in JAIL.

SAID CREDIT TO BE APPLIED TO MINIMUM AND MAXIMUM SENTENCE.

_____
Judge

CONVICTSE2                                    ORDER OF CONVICTION AND SENTENCE

CRIMCVS BCRCVSENT1      CLKBOD      QPADEV0176

| STATE OF MICHIGAN<br>COUNTY OF WAYNE<br>THIRD JUDICIAL CIRCUIT COURT | ORDER<br>OF<br>CONVICTION AND SENTENCE | CASE NO. **04007448-01** |
|---|---|---|

THE PEOPLE OF THE STATE OF MICHIGAN   vs.   **FERGUSON,RAPHAEL,CORTEZ**

**Defendant**

1. At a session of the court on ____2/02/2005____ before the Hon. **HATHAWAY,MICHAEL M**

   a Judge of the court, the defendant was convicted by:   ☐ Jury    ☐ Court    ☒ Plea

   of the offenses(s)                PACC code(s)

   750227          CCW

2. The defendant was in court for sentence on ____2/16/2005____ and was sentenced by the court to:

   ☐ Probation, for a term of _____ years.  (see separate probation order)

   ☐ Michigan Department of Corrections, confined for a term of not less than nor more than _____

   _____ years.

   The maximum statutory penalty for the crime(s) of which said defendant stands convicted is _____ years.

   ☒ Jail confinement for ____*227*____ (days/months. *Time Served*

   ☒ The conviction is reportable to the Secretary of State under MCL257.732 or 281.1040.

   The defendant's drivers license number is _____

   RECOMMENDATION _____

   _____

   _____

   ☐ HIV testing was ordered on _____

The defendant was represented by ATTORNEY _*Delphia Burton*_ BAR NO _____

and is to be given credit for ____*227*____ days served in JAIL.

SAID CREDIT TO BE APPLIED TO MINIMUM AND MAXIMUM SENTENCE.

Judge

CONVICTSE2                ORDER OF CONVICTION AND SENTENCE

Approved, SCAO

| Original - Court | 3rd copy - Defendant |
|---|---|
| 1st copy - Jail | 4th copy - Prosecutor |
| 2nd copy - Michigan State Police CJIC | 5th copy - Gun board (if needed) |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | JUDGMENT OF SENTENCE<br>☐ COMMITMENT TO JAIL | CASE NO.<br>04-7448-01 |
|---|---|---|

ORI
MI-

Police Report No.    **Court address**    1441 St. Antoine, Detroit, MI 48226    **Court telephone no.** (313) 224-2417

| THE PEOPLE OF | ☐ The State of Michigan<br>☐ _____<br>_____ | v | Defendant's name, address, and telephone no.<br>RAPHAEL CORTEZ FERGUSON |
|---|---|---|---|

| CTN/TCN | SID | DOB |
|---|---|---|
| 82-04416084-01 | 1731963J | 9-24-79 |

**THE COURT FINDS:**

1. Defendant was found guilty on ___February 2, 2005___ of the crime(s) as stated below:
                                                    Date

| Count | CONVICTED BY Plea* | Court | Jury | DISMISSED BY* | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| I | G | | | | CCW | 750227 |
| | | | | | | |
| | | | | | | |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

2. Defendant ☒ represented by an attorney: ___Delphine Burton___
   ☐ advised of right to counsel and appointed counsel and knowingly, intelligently, and voluntarily waived that right.

☐ 3. Conviction reportable to Secretary of State**. Defendant's driver license number is: _____

☐ 4. Licensing sanction reportable to State Police**. ☐ Revoked. ☐ Suspended_____days. ☐ Restricted _____days.

☐ 5. HIV testing and sex offender registration is completed.                                        **(see back)

☐ 6. Defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 7. Probation is revoked.

☐ 8. Defendant is sentenced to jail as follows:    ☐ Report at _____ m.

| Count | Date Sentence Begins | Sentenced Mos. | Days | Credited Mos. | Days | To Be Served Mos. | Days | Release Authorized for the Following Purpose | Release Period From | To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2-16-05 | | 227 | | 227 | | zero | ☐ Upon payment of fine and costs ....<br>☐ To work or seek work ...................<br>☐ For attendance at school ...............<br>☐ For medical treatment.....................<br>☐ Other: _____ | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

9. Defendant shall pay as follows: (specify fine and state minimum costs for each count; restitution; assessments for crime victim rights fund; reimbursement; attorney fees; and other costs)

The due date for payment is _____. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ Defendant shall serve _____days in jail beginning _____ for failure to pay on time.

☐ 10. Defendant shall be placed on probation for_____months and abide by the terms of probation. (See separate order.)

☐ 11. Defendant shall complete the following rehabilitative services.
   ☐ Alcohol Highway Safety Education    ☐ Treatment ( ☐ outpatient, ☐ inpatient, ☐ residential, ☐ mental health.)
   Specify:

☐ 12. The vehicle used in the offense shall be immobilized or forfeited. (See separate order.)

☐ 13. The concealed weapon board shall  ☐ suspend for _____days  ☐ permanently revoke  the concealed weapon license, permit number_____, issued by _____County.

☒ 14. Other: ___Time served.___

___2/16/04___                    (SEAL)                    _[signature]_                    ___14744___
Date                                                                                    Bar no.
                                                        Judge/Magistrate    Hon. Michael Hathaway

                                                        MCL 765.15(2), MCL 769.16a, MCL 775.22, MCL 780.766,
                                                        MCL 780.826, MCR 6.427(A)

**MC 219  (9/03)   JUDGMENT OF SENTENCE/COMMITMENT TO JAIL**

ORIGINAL - COURT
1ST COPY - BINDOVER COPY
MITTIMUS - SHERIFF

WARRANT RECALL COPIES
WHITE - COURT
PINK - DETROIT POLICE DEPARTMENT

FORM NO. DCY 250/251

| STATE OF MICHIGAN | FELONY | 36th DISTRICT COURT |
| VS | REGISTER OF ACTIONS | CRIMINAL DIVISION |
| | | 421 Madison Avenue |
| | | Detroit, MI 48226 |

| Defendant name and address | Case no. | BOND HISTORY | | | |
|---|---|---|---|---|---|
| FERGUSON, RAPHAEL, CORTEZ | 04062048-01 | Date Set | Date Posted | Type | Amount |
| 5220 SPOKANE | Offense date 7/02/2004 | JUL 0 5 2004 | | CASH | 100,000 |
| DETROIT, MI   JUL 0 5 2004 | Complaint date 7/04/2004 | JUL 2 3 2004 | | C | 100,000 |
| Sex: M  Race: B  DOB: 9/24/1979 | CTN NO. 82-04416084-01 | | | | |
| Defendant Alias(s) FERGUSON, RAPHAEL, C | Offense charged and section no. 750227 | | | | |
| Ferguson, Fredrick | CCW | Defense Attorney, Address, Bar no., Telephone | | | |
| | | 51999   UNREPORTED. | | | |
| | | David Cripps  (A) 34972 | | | |

| Police No. 546345 | Police Agency DPARM | Precinct | Adrian Dixon Court Clerk | VIDEO TAPE CASE |
|---|---|---|---|---|
| Arraignment Date JUL 0 5 2004 | ☐ Guilty  ☒ Not Guilty  ☐ No Contest | | ☒ Mute | Magistrate Thomas J. Shannon Judge |
| Adjudication Date JUL 1 5 2004 | ☐ Jury Trial  ☐ Bench Trial  ☒ Exam | | ☐ Other | Judge |
| FINDINGS | ☐ Guilty as Charged  ☐ Not Guilty  ☐ Dismissed | | ☐ Nolle Prosequi | |
| ☐ Guilty, other. Charge and Section no.: | | | ☐ Probation length | |
| Sentencing Date | Sentence | | | Judge |

| DATE | CODE | ACTIONS, JUDGMENTS, CASE NOTES | No. | Initials |
|---|---|---|---|---|
| | | Court Reporter | Prosecutor | |
| 7-5-04 | 80 | ADS By the People PO'S Are on Furlough | | |
| | | 7-23-04 11AM | | |
| | | APA Heather Hynes 62180 | JUDGE BEVERLY J. HAYES-SIPES LYN CAIN Court Clerk | |
| | | Bond Reduced To $50,000 CASH | | |
| | | EXCESSIVE | JUDGE BEVERLY J. HAYES-SIPES | |
| | | APA | LYN CAIN Court Clerk | |
| | | | LAURA SMITH COURT REPORTER | |
| JUL 23 2004 | | EXAM HELD  BOUND OVER AS CHARGED | | |
| | | AO 7-30-04 @ 9AM BOND 100,000 10% cont  Refer To Pre Trial Service | | |
| | | APA Heather Hynes P62180 | Judge Trudy Duncombe Archer Clerk S. Gawronski | |
| | | | Lucille Kirk-Malcolm Court Reporter | |

"ORIGINAL"

UD-94 (2-89)

AUTHORITY: P.A 59 of 1935

Compliance Voluntary

## DETROIT POLICE REQUEST FOR WARRANT

JUL 3 0 2004

04-63043

### INVESTIGATOR'S REPORT

| 04-080600 | | | | Prosecutor Case No. |
| Police Offense Number | | | | DATE: July 28, 2004 |

☐ MORE DEFN.

| CUST | DEFENDANT NAME | FULL ADDRESS | AGE | SEX | RACE | D.O.B. | ST. & LOCAL I.D. |
|---|---|---|---|---|---|---|---|
| X | Kamal Sydney Kittrell | 5357 Ivanhoe  Detroit, Mi | 25 | M | Blk | 10/18/78 | 541449 |
| X | Raphael Cortez Ferguson | 5220 Spokane  Detroit, Mi. | 24 | M | Blk | 09/24/79 | 546345 |

Offense: (To be filled in by Prosecutor)
BOTH→ Robbery Armed   I  ΔFIP   III  ΔFF   IV  ΔHAB 2   ΔHAS 4

| Date: | 07/02/04 | Date of Complaint: |
| Time: | 2:55pm | 07/02/04 |

Place of Offense:
10130 W. 7Mile, Detroit Mi. 48221 (Black Orchid Flowers)

| Complainant's Name | Full Address | Age | Sex | Race | Phone No. |
| Norma  Davis (Owner) | 17428 Warrington Detroit, Mi. 48221 | 57 | F | Blk | 864-5777 |

Person to Sign (Last, First, Middle)

Reviewing Attorney and Bar No.   [signature] 33088

Information & Belief

## DETAILS OF INVESTIGATION

GUN USED  Y      #KILLED/INJURED

On July 2, 2004 at approximately 2:55pm, the complainant, Norma  Davis was working at her place of business, Black Orchid Flowers located at 10130 W. 7Mile Rd in the City of Detroit.  Above defendants #1 & #2 entered the business, approached an employee, Maeozie Anthony B/F/58 and inquired about some flowers. As Ms. Anthony went to the rear cooler, both perps hopped the counter and encountered the compl in her office. Defd #1 produced a blue steel revolver, grabbed her by her shirt collar and stated "Where's the Fucking Money". The complainant attempted to explain that business was slow that day, so there wasn't much money in the store.  Defd #1 again demanded money threatening to shoot the complainant if she didn't comply.  The compl than surrendered $75.00 which was hidden in a can to the defendant.  While this was occurring, the witness, Ms. Anthony had exited the cooler, saw what was happening to her supervisor and ran from the business. Ms. Anthony ran across the street to a car wash screaming that the business was being robbed.  All at the same time, the compl was forced to run out the front door while both defds ran out the rear.

It was at this point that the employees of the car wash ran n/b on Washburn street to a waiting Chrysler LHS as well as witness Keith Anthony Sanford observed the defd exit the alley in the rear, run n/b on Washburn street to a waiting Chrysler LHS license plate YSK-631.  The witness, Mr. Sanford was in his personal vehicle observing everything decided to follow the Chrysler LHS for approximately 10-15 minutes. Detroit Police were called, PO's Ataiba Murray #4261 and Sean Bell #2003 responded to the scene and processed.  Sgt. Otha Craighead of the Armed Robbery Unit responded to the scene and processed same interviewing compl, witness and canvas of the area. Information regarding the license plate was broadcast, run in LEIN and passed on to several precincts and shifts. Mr. Sanford was interview via telephone by Sgt. Craighead after officers released from the scene.

[signature] Sgt Otha C.

Armed Robbery Unit

Reviewed &
Approved By:  Lt. James Elliot          Armed Robbery Unit

Case 2:24-cv-12014-NGE-KGA ECF No. 1, PageID.33 Filed 08/02/24 Page 33 of 50

# DETROIT POLICE REQUEST FOR WARRANT

On July 3, 2004, Police Officers Matthew Gnatek #3614 and LaDawn Russell #3552 both of the 12th Precinct received information from the supervisor, Lt. Thomas Berry of the vehicle information, circumstances of the robbery and description of suspects. The officers, while checking the area of Ewald Circle and Dexter observed the above stated vehicle with above defendants inside the vehicle. A traffic stop was performed and a firearm was recovered from the vehicle. A warrant was prepared on this incident and Warrant #35-04 #2048 was issued on CCW-MV. The WCPO Office decided to just issue on the CCW pending a line-up on both Defendants by the complainant and witness.

On July 12, 2004, PO Eric Kimble of the Armed Robbery Unit conducted a live line-up at the Wayne County Jail with both the complainant and witness in attendance. Both ladies upon viewing Kittrell made a positive pick of defd Kittrell, with both stating that he was the one with the gun. Upon hearing the Kittrell was positively picked, Ferguson refused to stand in the line-up.

On July 21, 2004, PO Kimble prepared a photo line-up on defd Ferguson and conducted the show-up at the place of business. A Positive pick was by the complainant

On July 23, 2004, A Preliminary Examination was conducted at 36th District Court. The Exam APA, Heather Hines decided to re-issue on the robbery and just get the bind-over regarding the CCW-MV.

Witness #1 (compl): Norma Davis will testify to: The circumstances of the robbery; the statement taken by Sgt. Craighead.

Witness #2: Maeozie Anthony will testify to: the facts of the case contained in her statement.

Witness #3: Keith Sanford will testify to: observing that witness #2 was visibly upset and pointing along with persons from a car wash to an area on Washburn; to observing defd's #1 & #2 get into a Grey LHS and follow vehicle for approximately 10 minutes

Witnesses #4 & #5: PO Ataiba Murray #4261 & PO Sean Bell #2003; both of the 12th Precinct, will testify to: responding to the scene; to preparing a report of the incident and making notifications.

Witnesses #6 & #7: PO Mathew Gnatek #3614 and PO LaDawn Russell #3552, both of the 12th Precinct will testify to the arrest of the defendants, to the confiscation of the firearm.

Witness 8: PO Eric Kimble #1421, Armed Robbery Unit will testify to advising the defd's of their Constitutional Rights; to being the CO-OIC of this investigation; to conducting a line-line-up and then later, a photo line-up where they were both picked.

Witness #9: Sgt. Otha Craighead #S-1161 will testify to responding to the scene; to investigation this crime; to being the OIC of this investigation.

Sgt. Otha Craighead   S-1161   Armed Robbery Unit
                      Badge    Precinct/Bureau

Reviewed & Approved By: Lt. James Elliot   Armed Robbery Unit
                        Commanding Officer  Precinct/Bureau

UD-94 (2-89)

**DETROIT POLICE REQUEST FOR WARRANT**

Evidence:

E03S50504- T994 Chrysler LES license plate VSK-631
E03S50504- .32 caliber Blue steel revolver serial #10652 w/ 4 live rounds.

Lineup/Show-ups:

On July 12, 2004, Live line-ups were scheduled for at the Wayne County Jail. Both witnesses #1 & #2 were in attendance. Both made a positive pick of Defd Kittrell identifying him further as the person with the handgun. When the Wayne County Deputy brought out the second group containing Ferguson, Kittrell told Ferguson that he had been marked prompting Ferguson to refuse to stand in the line-up. On July 21, 2004 a photo line-up was held at the Place of business on W. 7Mile. Witness #1 (Compl) made a positive pick of defd #2.

Admissions/Confessions:

No statements were taken from either defd.

*False*

Sgt. Otha Craighead    S-1161    Armed Robbery Unit

Reviewed &
Approved By:    Lt. James Elliot    Armed Robbery Unit
                Commanding Officer    Precinct/Bureau

## WAYNE COUNTY PROSECUTING ATTORNEY'S RECOMMENDATION

| IN CUSTODY | Dept. Precinct | Date | ( ) Further Investigation Ordered |
|---|---|---|---|
| (XX) YES ( ) NO | Armed Robbery Unit | July 28, 2004 | ( ) Further Investigation Completed |

| I ( ) DENY (X) RECOMMEND THE ISSUING OF A WARRANT AGAINST: | | | MISDEMEANOR ( ) FELONY (X) |

| DEFENDANT NAME | FULL ADDRESS | AGE | SEX | RACE | D.O.B. | ST. & LOCAL ID. |
|---|---|---|---|---|---|---|
| 1. Kamal Sydney Kittrell | 5357 Ivanhoe Detroit, Mi. | 25 | M | Blk | 10/18/78 | 541449 |
| 2. Raphael Cortez Ferguson | 5370 Spokane Det M. | 24 | M | Blk | 9-24-79 | 546343 |

Offense 1 CT. I BLA as ROBBERY ARMED 750.529 — Defn. No. 1 2 3
CT. II Attempted ( ) MCLA D#1 FELON IN POSSESSION 750.224 F

Offense 2 CT. III D#1 FP 750.227b-A — Defn. No. 1 2 3
Attempted ( ) MCLA

Offense 3 CT. IV D#1 HAB 2 — Defn. No. 1 2 3
Attempted ( ) MCLA CT. V D#2 HAB 4

Denial Reason:

Denial Code:

| Defn. No. 1: | Defn. No. 2: | Defn. No. 3: |
|---|---|---|
| Instructions (1) 1. MONEY | (2) 1. a, b, c | (3) HANDGUN |
| 2. D NORMA DAVIS | 2. b 6 SC 3 | RA, F, A |
| 3. a HANDGUN + b | | |

5-29-04
Date Completed

Signed _____ 33788
Assistant Prosecuting Attorney & Bar No.

of Documents (ALTHOUGH DISCOVERY IS CLOSED) :

Plaintiff requests the following items:

A.    A COPY OF ANY COMPLAINTS FILED AGAINST THE DEFENDANTS PRIOR TO

2005.


ANSWER:   Matthew Gnatek : Brian Carter c City of Detroit et al    03 318 333 CZ (settled)

The file is in an off site storage facility but same has been requested.

Otha Craighead: Raphael Damon Goudy 03-302 578 NO (settled)

The file is in an off site storage facility but same has been requested.



B.    A COPY OF THE POLICE VIDEO FROM THE TRAFFIC STOP, ALSO ANY POLICE

CAR FOOTAGE OF THE PLAINTIFF PRIOR TO THE TRAFFIC STOP.


ANSWER: In 2004 police car videos were recycled (erased) unless a court order required their

preservation.


C.    A COPY OF THE DETROIT POLICE DEPARTMENT POLICY FOR THE

FOLLOWING: ARREST, ARREST REPORTS , INVESTIGATIVE REPORTS.

OBTAINING WARRANTS, POLICE CAR VIDEOS, WARRANTS IN GENERAL.


ANSWER:   See attached General Procedures

D.   CITY OF DETROIT CHARTER IN REGARDS TO THE POLICE DEPARTMENT.

ANSWER:   See attached Charter provisions.

E.  A COPY OF THE 80 REQUIREMENTS THE DETROIT POLICE DEPARTMENT AGREED TO WHEN THE ENTER INTO A FEDERAL CONSENT DECREE WITH THE U.S. JUSTICE DEPARTMENT. [grammatical errors in original]

ANSWER:   See attached Consent Decree regarding arrests and detentions.

F.   THE CONTENTS OF EACH DEFENDANTS INSURANCE POLICY PURSUANT TO RULE 26 26 (b) (2). [typographical errors in original]

ANSWER: Not applicable

G.     A COMPLETE COPY OF THE CASE FILE #04-62048, INCLUDING ALL COURT TRANSCRIPTS FOR CASE # 04-62048.

ANSWER:   The Defendants are not in possession of the entire Wayne County Prosecutor's file or

transcripts (other than those provided by Plaintiff).  Attached are portions of the prosecutor's file.

Respectfully submitted,

/s/ Dennis Burnett
**DENNIS BURNETT (P-27099)**
Assistant Corporation Counsel
CITY OF DETROIT LAW DEPT.
1650 First National Building
Detroit, MI 48226
BurnD@law.ci.detroit.mi.us
(313) 237-3013

Dated April 2, 2008

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served on the attorney(s) of record of all parties to the above cause by mailing same to them at their respective addresses as disclosed by the pleading of record herein, with postage fully prepaid thereon April 2, 2008.

The statement above is true to the best of my knowledge, information and belief.

SIGNATURE

# Court of Appeals, State of Michigan

## ORDER

People of MI v Kamal Sydney Kittrell

Docket No. 362320

LC No. 04-008675-01-FC

Anica Letica
 Presiding Judge

Noah P. Hood

Kristina Robinson Garrett
 Judges

---

Pursuant to MCR 7.205(E)(2), in lieu of granting leave to appeal, we VACATE the Wayne Circuit Court's June 14, 2022 order denying defendant's motion for relief from judgment and REMAND this matter to that court for further proceedings consistent with this order. The circuit court erred by failing to address defendant's claims of actual innocence and by failing to recognize that "[t]he court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." See MCR 6.508(D)(3). The circuit court also failed to specifically (and adequately) address *each* of defendant's several *Brady*[1] arguments, failing to state sufficient findings of fact and conclusions of law to permit meaningful appellate review in that regard. See *People v Gatiss*, 486 Mich 960 (2010). In particular, we are troubled by the circuit court's failure to address defendant's *Brady* arguments concerning his former codefendant, Raphael Cortez Ferguson, and the evidence regarding Ferguson's plea-based conviction for carrying a concealed weapon. On remand, the circuit court should reconsider defendant's motion for relief from judgment in light of the foregoing.

This order is to have immediate effect. MCR 7.215(F)(2). We do not retain jurisdiction.

*Anica Letica*
Presiding Judge

---

[1] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 2, 2022
Date

*Jerome W. Zimmer Jr.*
Chief Clerk

## STATE OF MICHIGAN
### IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE
### CRIMINAL DIVISION

---

**PEOPLE OF THE STATE OF MICHIGAN,**

      Plaintiff,

-v-

**KAMAL SYDNEY KITTRELL,**

      Defendant.

Case No.: 04-008675-01-FC
Hon. Donald L. Knapp, Jr.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

### I.    PROCEDURAL HISTORY

Kamal Kittrell ("the defendant" or "Mr. Kittrell"), was convicted by a jury of armed robbery, contrary to MCL 750.529, felon in possession of a firearm ("felon-in-possession"), contrary to MCL 750.224f, and possession of a firearm during the commission of a felony ("felony-firearm"), contrary to MCL 750.227b. The trial was conducted by the Honorable Michael Hathaway. On January 4, 2005, the defendant was sentenced to 18 to 50 years' imprisonment for the armed robbery conviction, two to five years' imprisonment for the felon in possession of a firearm conviction, and two years' imprisonment for the felony-firearm conviction. On September 6, 2006, the Michigan Court of Appeals affirmed the defendant's convictions in an unpublished per curiam opinion. *People v. Kittrell*, No. 260248, 2006 WL 2739340, at *7 (Mich. Ct. App. Sept. 26, 2006). The Michigan Supreme Court denied the defendant's application for leave to appeal on February 27, 2007, because it was not persuaded that the issues presented should be reviewed by the court. *People v. Kittrell*, 477 Mich. 1033, 727 N.W.2d 612 (2007). Finally, the defendant filed a petition for a writ of habeus corpus raising a plethora of issues. The defendant's application was denied on November 3, 2010. *Kittrell v. Davis*, No. 2:08-CV-11256, 2010 WL 4539458, at *24 (E.D. Mich. Nov. 3, 2010). On June 14, 2022, this court issued an opinion and order denying the defendant's motion for relief from judgment. On December 2, 2022, the Michigan Court of Appeals issued an order remanding the case to this court for further consideration. Specifically, the order directed this court to consider the defendant's claims of actual innocence and to address the defendant's *Brady* arguments concerning his former co-defendant, Raphael Cortez Ferguson. Having reconsidered the defendant's Motion in its entirety pursuant to the Order, the court has determined that the defendant is not entitled to relief. As

such the defendant's Motion denied pursuant to MCR 6.504 for the reasons stated in this opinion.

## II.     STANDARD OF REVIEW

Criminal motions for relief from judgment are governed by Michigan Court Rule ("MCR") 6.502.  The defendant has the burden of establishing entitlement to the relief requested. MCR 6.508(D). The court may not grant relief to the defendant if the motion:

> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> >
> > (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D).

Under MCR 6.508(D), "actual prejudice" is defined as "in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(B)(i). The court may waive the good cause requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime(s).

The Court must promptly examine the motion, together with all of the files, records, transcripts, and correspondence relating to the judgment under attack. If it plainly appears from the face of the materials that the defendant is not entitled to relief, the court shall deny the motion without directing further proceedings. MCR 6.504.

## III.     RELEVANT FACTS

The United States District Court for the Eastern District of Michigan summarized the testimony elicited in this case as follows:

The victims of the robbery testified at trial. Flower shop owner Norma Davis testified that two men, whom she identified as the defendant and co-defendant Ferguson, entered her shop around 3:00 p.m. The defendant came in first, put a greyish-black revolver to her head, and demanded money. She had not had any customers that day so she gave him the start-up money for the cash register, about $80 in bills and change, which she placed in a bag. She begged him not to kill her. Ferguson then came into the back of the store. The defendant told him to get the other woman, Davis' employee Maeozie Anthony. Ferguson ran out the back door, but returned and said that

Anthony was gone. The Defendant then instructed Davis to leave the shop, so she ran out the front door.

Davis testified that she gave the police a description of the robber who held the gun to her head shortly after the incident. She described him as a dark-skinned male in his 30s, 5 feet 11 inches tall, 200 pounds, with no facial hair, and wearing a white shirt. She described the second robber as having a medium complexion, but provided no further details. Davis also testified that she identified the defendant as one of the robbers in a live lineup at the Wayne County Jail on July 12, 2004 and identified Ferguson as the other robber in a photographic array at the flower shop on July 21, 2004. She also identified both men as the perpetrators during a prior court proceeding. She had "no doubt" in her mind about those identifications.

Flower shop employee Maeozie Anthony testified that she was at the counter when two men entered the shop and asked about roses. She went to the cooler. As she exited the cooler, she heard Davis pleading not to be shot and realized the store was being robbed. Anthony fled the building, ran to the street yelling for help, and got someone at a car wash to call 911. She then saw Davis run from the shop unharmed and saw two men flee in a white or cream car. She provided descriptions of the men to the police. She described the first man as dark-skinned with cut hair but not bald, no beard, about her height, 180 to 200 pounds, maybe 35 years old, and wearing a t-shirt. She described the second man as lighter, taller, and clean shaven, which she testified meant no beard. At trial, Anthony identified the defendant as one of the robbers, but could not identify the other robber. She also identified defendant as one of the robbers during a pre-trial lineup, but identified someone other than co-defendant Ferguson in a photographic array.

Witness Keith Sanford testified that he saw two black men flee the flower shop and get into a waiting white or gray Chrysler driven by a third man. He said that one of the men was dark and the other light and one was thin and the other stocky, but could not identify them. Sanford also testified that he followed the car for a few blocks and recorded the license plate number, which he gave to police.

Police officers testified about their investigation of the crime. The police testimony indicated that officers observed a car matching the description and license plate of the getaway car the day after the robbery. The police stopped the vehicle. James Mitchell, the car owner, was driving the vehicle. Defendant was in the front passenger seat and co-defendant Ferguson was in the back-passenger seat. The police found and confiscated a .38 caliber handgun from the pocket behind the passenger seat. That gun was admitted into evidence. The police testified about the pre-trial identification procedures and confirmed that Davis and Anthony both identified the defendant as one of the robbers, but only Davis identified co-defendant Ferguson as one of the robbers. The police also testified about the various descriptions of the perpetrators given by the victims and witnesses following the robbery.

The defendant's defense at trial was misidentification and alibi. The defendant testified in his own defense. He said he began July 2, 2004 at his parents' house, went to a Dennis Cleveland's house with his girlfriend, and then went to the "Taste Fest" in the afternoon. Defendant claimed that he did not see co-defendant Ferguson that day and denied committing the robbery.

Defendant also testified that he met up with Ferguson the following day after leaving a barbershop. They then saw James Mitchell and asked him to give them a ride. A few minutes after they got into the car, police stopped the car and arrested them.

The defendant presented two alibi witnesses. Dennis Cleveland testified that Defendant and a girl came to his house and woke him up on July 2, 2004. He spent the day with Defendant. They went to the Taste Fest later that afternoon with Terry Hudson and stayed late. Terrance Hudson testified that he left work sometime after 4:00 p.m. that day, went to Cleveland's house, and then went to the Taste Fest with Defendant and Cleveland until dark.

Additionally, Clifton Jones testified for the defense. He said that he was working at a beauty salon near the flower shop on the day of the robbery, that he saw two men flee the flower shop, and that neither the defendant nor co-defendant Ferguson were the men he saw running from the shop.

At the close of trial, the jury found Defendant guilty of the charged offenses, but acquitted co-defendant Ferguson. The trial court subsequently sentenced Defendant to the terms of imprisonment previously set forth. *Kittrell v. Davis*, No. 2:08-CV-11256, 2010 WL 4539458, at 1–3 (E.D. Mich. Nov. 3, 2010).

## IV.   DEFENDANT'S ARGUMENTS

In his current Motion, the defendant raises four main issues: (1) The Prosecutor withheld Raphael Ferguson's confession in violation of *Brady v. Maryland*, 373 U.S. 83; 83 S.Ct. 1194 (1963) and *Giglio v. United States,* 405 U.S. 150, 154; 92 S.Ct. 763 (1972); (2) The Prosecutor withheld Raphael Ferguson's inculpatory plea agreement for possessing the handgun used in the robbery; (3) The Prosecutor withheld a history of constitutional violations committed by Sergeant Otha Craighead, who was the officer-in-charge of this case; and (4) The Jury was not properly sworn.

## V.   LAW AND ANALYSIS

This is the defendant's first Motion for Relief from Judgment. As such, the court is unable to grant relief unless the defendant demonstrates both "good cause" and "actual prejudice." As outlined in this opinion, the defendant has failed to meet these requirements or to establish his actual innocence.

### A. Co-Defendant Ferguson's Plea Deal

In his first argument, the defendant contends that the prosecutor withheld co-defendant Raphael Ferguson's plea deal whereby Mr. Ferguson pleaded guilty to carrying a concealed weapon. The defendant claims that this was the same weapon used in the robbery. The defendant also contends that if he had known about the plea deal he could have interviewed Mr. Ferguson and potentially presented him as an exculpatory witness at trial.

A defendant has a due-process right to obtain evidence possessed by the prosecution if it might lead a jury to entertain a reasonable doubt as to the defendant's guilt. *People v. Lester,* 232 Mich.App 262, 280; 591 NW2d 267 (1998); see also *Brady,* 373 U.S. at 87; *Giglio v. United States,* 405 U.S. 150, 154; 92 S. Ct 763; 31 L. Ed 2d 104 (1972). "The prosecution must turn over such evidence regardless of whether the defendant makes a request." *People v. Stanaway,* 446 Mich. 643, 666; 521 NW2d 557 (1994). "Impeachment evidence as well as exculpatory evidence falls within the *Brady* rule because, if disclosed and used effectively, such evidence 'may make the difference between conviction and acquittal.' " *Lester,* 232 Mich.App at 280–281, quoting *United States v. Bagley,* 473 U.S. 667, 676; 105 S. Ct 3375; 87 L. Ed 2d 481 (1985).

The elements of a *Brady* violation are that "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material." *People v. Chenault,* 495 Mich. 142, 150; 845 N.W.2d 731 (2014) (citation omitted). Exculpatory evidence is evidence that is favorable to the defense, including impeachment evidence. *Id.* Evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings against defendant would have been different. *Id.* This standard does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal. The question is whether, in the absence of the suppressed evidence, the defendant "received a fair trial, understood as a trial resulting in a verdict of confidence." *Id* at 150. Further, even if the elements of a *Brady* violation are met, a defendant must also show that he did not possess the evidence himself and could not have obtained it with reasonable diligence. *Id.* at 151.

In this case, the defendant has failed to address any of the elements of a *Brady* claim in his motion. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v. Payne,* 285 Mich. App. 181, 195; 774 N.W.2d 714 (2009).

Additionally, the defendant has failed to establish that Mr. Ferguson's confession was suppressed or, even if it was, that it was material. Mr. Ferguson pleaded guilty to carrying a concealed weapon on February 2, 2005. This was shortly after the defendant's trial, which occurred in December of 2004. The defendant was a co-defendant with Mr. Ferguson both cases. As such, even if Mr. Kittrell was not present when the plea was taken, he certainly was aware of the case and could have obtained the details of the plea agreement with reasonable diligence. Moreover, there was ample evidence elicited at trial establishing that multiple defendants participated in the robbery and that Mr. Kittrell was one of the participants. Specifically, the defendant was identified by the two victims as one of the perpetrators, the defendant was found inside of the car associated with the robbery, and the gun associated with the robbery was found behind the passenger seat in which the defendant was sitting. It was also placed before the jury that the

*See here the judge will not address the actual authentic documents presented*

weapon was recovered in front of where Mr. Ferguson was sitting in the pocket of the back-passenger seat. However, in that both complaining witnesses identified the defendant as one of the participants in the robbery, the jury found him guilty and acquitted Mr. Ferguson, who could not be identified by Ms. Anthony. As such, even if the details of the plea agreement were admissible at trial, the defendant has failed to establish materiality pursuant to *Chenault*.

## B. Co-Defendant Ferguson's Confession

In his second argument, the defendant claims that the prosecutor withheld an inculpatory confession made by co-defendant Ferguson. The defendant contends that if he had known that Mr. Ferguson had confessed to the robbery, he could have interviewed him and presented him as a witness at trial. The defendant claims to have attached a document from the prosecutor's notes indicating that Mr. Ferguson confessed to the crime. However, attached to the defendant's motion is a copy of Mr. Ferguson's "OTIS" page. The defendant's location, status, and security level are covered and "confessed" is written in their place. This document appears to be doctored and is lacking in credibility (Defendant's Motion, Pg. 48). Moreover, it is unclear what the contents of the statement were and the defendant fails to make any argument as to its admissibility. Moreover, while the defendant argues that he could have presented Mr. Ferguson as a witness at trial, he did not testify at the original trial and likely would exercise his right to remain silent given his co-defendant status in the case. In that Mr. Ferguson proceeded to trial and was found not-guilty, it is highly unlikely that he would have provided a confession in this case. As such, the defendant has failed to establish the factual predicate of his claim or any of the prongs of a *Brady* claim as to this issue.

## C. James Mitchell's Immunity

In his third *Brady* claim, the defendant argues that the prosecutor withheld James Mitchell's statement that was given in exchange for immunity. The defendant claims that the Officer in Charge of the case, Sergeant Otha Craighead, gave Mr. Mitchell immunity and coerced him into giving a false statement indicating that the defendant was an occupant of the vehicle on the date of the robbery. Finally, the defendant asserts that he could have confronted Mr. Mitchell during trial with the real reason that he gave his statement.

The defendant has failed to establish a factual predicate for any of his claims. Attached to the defendant's motion is an unsigned statement. At the bottom of the statement is written in "statement given in exchange for immunity." Again, this document does not appear to be authentic. Even if it were, the defendant has failed to establish that it was suppressed or that the statement is material. At trial, Sergeant Craighead testified that he interviewed Mr. Mitchell but did not do a line up or show up for him. (12-13-2004, p. 103). The contents of Mr. Mitchell's statement were not introduced and Mr. Mitchell was not called as a witness. *See Id.* As such, even if it were established at trial that Mr. Mitchell was given immunity by Sergeant Craighead, it is unclear how it would have had a reasonable likelihood of changing the outcome. This is

especially true given the multiple identifications of the defendant and the fact that he was in the car used in the robbery when it was pulled over the next day.

### D. Sergeant Craighead's Prior Misconduct

In his final *Brady* argument, the defendant contends that the People withheld Sergeant Craighead's history which reveals that he violated the constitutional rights of numerous criminal defendant's. The defendant also claims that Sergeant Craighead also fabricated Norma Davis witness statement. Again, the defendant fails to provide any specifics as to what Sergeant Craighead's prior alleged misconduct entailed.

"The government is held responsible for evidence within its control, even evidence unknown to the prosecution ...." *People v. Dimambro*, 318 Mich App 204, 213, 897 N.W.2d 233 (2016) (citation omitted). While "[t]he prosecution is not required to seek and find exculpatory evidence or assist in building or supporting a defendant's case," *People v Bosca*, 310 Mich App 1, 30, 871 N.W.2d 307 (2015) (quotation marks and citation omitted), "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," *Kyles v Whitley*, 514 U.S. 419, 437, 115 S Ct 1555, 131 L Ed 2d 490 (1995).

While not binding on this court, in *Arnold v. McNeil*, 622 F. Supp. 2d 1294, 1313–14 (M.D. Fla. 2009), *aff'd and adopted sub nom. Arnold v. Sec'y, Dep't of Corr.*, 595 F.3d 1324 (11th Cir. 2010), the Court held that evidence of criminal wrongdoing by a police officer, which was known exclusively to the officer who served as the principal investigator and witness for the state, could be imputed to the prosecution team. In analyzing the prejudice prong of the *Brady* analysis, the court noted that the prosecutor placed great emphasis on the credibility of the officer. *Id.* at 1319. However, multiple other circuits have concluded that police misconduct in unrelated cases cannot be imputed to the prosecution. *See, for example, United States v. Rosner*, 516 F.2d 269, 279–81 (2d Cir. 1975) (witness's perjured testimony about the extent of his criminal misconduct in unrelated cases should not be imputed to the prosecution).

In this case, the defendant has failed to show that the prosecution knew about any alleged misconduct of Sergeant Craighead in unrelated cases. Even if this court were to impute any knowledge on behalf of the Officer in Charge to the Prosecution, the defendant has failed to establish the materiality of this information as it relates to this case. The defendant claims that Sergeant Craighead fabricated parts of Ms. Davis's statement, including that the weapon was a 38 caliber. However, even if this were true, Ms. Davis clearly identified the defendant as one of the participants in the robbery at trial. (12-8-2004, p. 238-239). Ms. Davis also identified the defendant in a pre-trial lineup and during the preliminary examination. (12-8-2004, p. 248-249, 252). Unlike in *Arnold*, the prosecutor did not place great emphasis on the credibility of the officer in that this case largely turned on the identifications made by the complaining witnesses.

As such, even if certain parts of Ms. Davis's witness statement were untrue, the defendant has failed to establish materiality pursuant to *Chenault*.

Having re-considered the defendant's *Brady* claims collectively, the defendant has failed to establish the factual predicate for his claims. Moreover, when considered with all of the evidence and testimony considered at trial, the defendant has failed to establish materiality. As such, the defendant has failed to establish "good cause" or "actual prejudice." While the court may waive the good cause requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime(s), he has failed to make this showing. As previously noted, there was ample evidence upon which the jury could convict the defendant and his new claims, even if true, do not establish a significant possibility of his innocence.

### E.  Juror Oath

In his final argument, the defendant contends that the jury was improperly sworn because "the required affirmation is missing." After the jury is selected and before trial begins, the court must have the jurors sworn." MCR 6.412(F). "[MCR] 2.511 govern[s] the procedure for selecting and impaneling the jury." MCR 6.412(A). The jury must be sworn by the clerk substantially as follows:

> "Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God." [MCR 2.511(H)(1).]

"The oath imposes on the jurors three duties: (1) to 'justly decide the questions submitted,' (2) to 'render a true verdict,' and (3) to do these things 'only on the evidence introduced and in accordance with the instructions of the court.' " *People v. Cain*, 498 Mich. 108,  121; 869 N.W.2d 829 (2015), quoting MCR 2.511(H)(1).  In *Cain*, 498 Mich. at 121-122, 869 N.W.2d 829, our Supreme Court held that the failure to read the instructions verbatim from the court rule was not a plain error requiring a new trial, so long as the instructions that actually were given satisfactorily apprised the jurors of the three duties listed above. The *Cain* Court reasoned that although the trial court failed to read the language of the court rule exactly, "we have no reason to believe that the jurors in this case as a result of these alternative efforts to inculcate in them a proper sense of their obligations did not understand the dignity and solemnity of the proceedings." *Id.* at 123-124, 869 N.W.2d 829. Additionally, the purpose of the juror's oath is to ensure that the jurors pay attention to the evidence, observe the credibility and demeanor of the witnesses, decide the case honestly in accordance with the law and on the basis of the evidence presented, and conduct themselves at all times as befits one holding such an important position. *People v. Pribble*, 72 Mich. App. 219, 224; 249 N.W.2d 363 (1976); *see also People v. Allan*, 299 Mich. App. 205, 215; 829 NW2d 319 (2013).

In this case, the jurors oath was read as follows: "do you solemnly swear or affirm that in this action now before the court you will justly decide the questions submitted to you, that unless you are discharged by the court from further deliberations you will render a true verdict and that you will render your verdict only on the evidence introduced and in accordance with the instructions of this court." (TT. 12-08-2004, p. 208).

It is clear that the jurors were apprised of the three duties outlined in *Cain* and understood the dignity and solemnity of the proceedings. The oath was read verbatim from MCR 2.511(H)(1) with the exception of "so help you God." Therefore, the defendant's argument is without merit.

## VI.  CONCLUSION

For the reasons stated in this opinion and order, the defendant's Motion for Relief from Judgment is DENIED in its entirety.

**IT IS SO ORDERED**.

_____
Hon. Donald L. Knapp, Jr.
THIRD CIRCUIT COURT

Dated: June 14, 2023

## Court of Appeals, State of Michigan

## ORDER

People of MI v Kamal Sydney Kittrell

Docket No.    367062

LC No.        04-008675-01-FC

Anica Letica
   Presiding Judge

Michael J. Riordan

Kristina Robinson Garrett
   Judges

---

The motion to waive fees is GRANTED for this case only.

The motion for immediate consideration is GRANTED.

The motion for peremptory reversal pursuant to MCR 7.211(C)(4) is DENIED for failure to persuade the Court of the existence of manifest error requiring reversal and warranting peremptory relief.

The delayed application for leave to appeal is DENIED because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment.


*Anica Letica*
Presiding Judge


A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 14, 2023
Date

Chief Clerk

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 29, 2024

Elizabeth T. Clement,
Chief Justice

166498

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                  SC: 166498
                                  COA: 367062

KAMAL SYDNEY KITTRELL,
      Defendant-Appellant.
                                  Wayne CC: 04-008675-FC

_____/

      On order of the Court, the application for leave to appeal the November 14, 2023 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2024 _____ 
p0520                                            Clerk